IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-00475-WDM-MJW

ECHOSTAR SATELLITE LLC, et al.,

     Plaintiffs,

v.

CLAUDIA RAMIREZ,
AQUILES RAMIREZ, AND
JOHN DOES 1-10,

     Defendants.

_____

## ORDER ON DEFAULT JUDGMENT
_____

     This matter is before me on the plaintiffs' motion for default judgment, various declarations, and other matters.  Following the scheduled hearing on this matter and complete review of the file, I am sufficiently advised in the premises and find and conclude as follows:

     A.  I have jurisdiction over this matter and the defendants who were properly served but have failed to answer to otherwise respond.

     B.  The Clerk's default was entered against defendants on July 27, 2005.

     C.  Defendants are not infants, incompetent persons or in the military service or otherwise exempted under the Servicemembers Civil Relief Act.

     D.  Because of defendants' defaults the allegations of the complaint are deemed admitted and I conclude that the defendants have violated the federal statutes under

which this action was brought on at least four occasions.

E.  There is no just reason for delay in entering final judgment in this matter as to defendants.

F.  Plaintiffs, as prevailing parties, are entitled to reasonable attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3) and 17 U.S.C. § 1203.  Plaintiffs have submitted adequate declarations of the amount and reasonableness of the fees and costs incurred.

It is therefore ordered as follows:

1.  Judgment shall enter against defendants Claudia Ramirez and Aquiles Ramirez, jointly and severally, as follows: statutory damages in the amount of $56,400 comprised of the following:

> a. $40,000 in statutory damages ($10,000 for each of defendants' four violations of 47 U.S.C. § 605(e)(4) pursuant to 47 U.S.C. § 605(e)(3);
>
> b. $4,000 in statutory damages ($1,000 for each of defendants' four violations of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(I)-(ii));
>
> c. $800 in statutory damages ($200 for each of defendants' four violations of 17 U.S.C. § 1201(a)(1)(A), pursuant to 17 U.S.C. § 1203);
>
> d. $800 in statutory damages ($200 for each of defendants' four violations of 17 U.S.C. § 1201(a)(2), pursuant to 17 U.S.C. § 1203);
>
> e. $800 in statutory damages ($200 for each of defendants' four violations of 17 U.S.C. § 1201(b)(1) pursuant to 17 U.S.C. § 1203); and
>
> f.  10,000 in statutory damages ($10,000 for defendants' violation of 18 U.S.C. § 2511(1)(a) pursuant to 18 U.S.C. § 2520(c)(2)).

2.  $8,399.15 in attorneys' fees and costs pursuant to 17 U.S.C. § 1203 and 47

U.S.C. § 605(e)(3).

3.   Pursuant to 17 U.S.C. § 1203(b)(1), 18 U.S.C. § 2520(b)(1), and 47 U.S.C. § 605(e)(3)(B)(I), defendants and their employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under defendants' direction or authority, and all persons acting in concert or in participation with defendants are restrained and enjoined from:

a.   manufacturing, importing, offering to the public, providing, modifying or otherwise trafficking in any EchoStar Receiver that has been modified without authorization (including any Access Cards that have been modified without authorization), any satellite pirating device regardless of form, or any other technology, product, service, device, component, or part thereof, that:

1)   is primarily designed or produced for the purpose of circumventing the encryption access control protection contained in the software on plaintiffs' Access Cards, contained within plaintiffs' set-top boxes, or any other technological measure adopted by plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

2)   has only limited commercially significant purpose or use other than to circumvent plaintiffs' encryption access control protection, or any other technological measure adopted by plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

3)      is knowingly marketed by defendants and/or others acting in concert with defendants for use in circumventing plaintiffs' encryption access control protection, or any other technological measure adopted by plaintiffs that effectively controls access to copyrighted programming oar effectively protects the exclusive rights afforded the owners of copyrighted programming; and

b.      assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means whether via the Internet or otherwise, any EchoStar receiver or Access Card that has been modified without authorization or any other electronic, mechanical, or other devices, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications.

4.      All of plaintiffs' Access Cards, Receivers, and/or signal theft devices that have been modified without authorization, reprogramming equipment, and equipment used in the alteration and/or modification of said devices that are in the possession, custody, or control of defendants or their employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under defendants' direction or authority, and all persons acting in concert or in participation with defendants are to be seized and impounded until further order of this court.

5.      Defendants are required to post a prominent public notice on any and all Internet web sites owned, originated, operated, or controlled by defendants, notifying all persons in possession of altered or modified Access Cards, Receivers, or other circumvention or signal theft devices that said items have been recalled and that they

4

should be sent to EchoStar or destroyed;

6.     Defendants shall use all contact information in their possession to notify anyone that has obtained an altered or modified Access Card, Receiver, and/or other circumvention or signal theft device from defendants that said items have been recalled and that they should be sent to EchoStar or destroyed;

7.     Defendants shall preserve and maintain all records, in any form (including electronic form), that evidence, refer or related to: altered or modified Access Cards, Receivers, or other unlawful devices, as described herein; communications or correspondence with suppliers or customers of pirating devices, software, hardware or other equipment or know-how concerning access card programming, box key extraction; the identity of any manufactures, suppliers or customers of access card programming, box key extraction or set-top box modification programming services; and the quantity of all such devices in inventory and sold by defendants;

8.     Plaintiffs, through their counsel, shall be permitted to inspect and make mirror image copies of any computer or electronic storage drives or back up tapes in the possession, custody, or control of defendants or their employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under defendants' direction or authority, and all persons acting in concert or in participation with defendants that contain information related to defendants' sales of unlawfully altered or modified EchoStar Access Cards, Receivers, or other unlawful devices, as described herein; and

9.     Plaintiffs are entitled to post-judgment interest at the statutory rate.

5

10.     Plaintiffs may have costs.

11.     On or before November 14, 2005, plaintiffs shall show cause why the

case against John Does 1-10 should not be dismissed.  If plaintiffs fail to show cause

by said date this case shall be dismissed without prejudice and any further notice.

DATED at Denver, Colorado, on October 28, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge